IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JACOB STANTON ROMINE                                                                                          PLAINTIFF

v.                    Civil No. 5:25-cv-05069-TLB-MEF

JOHN DOE ARRESTING OFFICER,
Fayetteville Police Department;
JOHN DOE BOOKING OFFICERS,
Benton County Detention Center;
JOHN DOE BOOKING OFFICERS,
Washington County Sheriff's Department;
and JOHN DOE TRANSPORT OFFICER,
Bentonville Police Department                                                                                DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on the Plaintiff's failure to obey an Order of the Court.

### I.    DISCUSSION

Plaintiff filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis*. Plaintiff was incarcerated in the Benton County Detention Center ("BCDC") at the time he filed his Complaint (ECF No. 1 at 1).

When he filed this case, Plaintiff was specifically advised that he was required to immediately inform the Court of any change of address. (ECF No. 3). If Plaintiff was transferred or released, Plaintiff was told he must advise the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or his release. Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas

1

requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

On May 27, 2025, mail was returned as undeliverable from the BCDC marked "return to sender no longer here." (ECF No. 7). Plaintiff had 30 days, or until June 26, 2025, to provide the Court with a new address. *Id.*

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

To date, Plaintiff has not provided a new address or contacted the Court in anyway. In fact, the last thing filed by the Plaintiff in this case was his April 21, 2025, request that the case be assigned to a District Judge. The Court has confirmed by review of the BCDC detainee roster than Plaintiff is not incarcerated in that facility.[1]

## II.     CONCLUSION

For this reason, it is RECOMMENDED that **this case be DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**Status of Referral:    The referral terminates upon the filing of this Report and**

---

[1] https://benton-so-ar.zuercherportal.com/#/inmates (last visited on August 11, 2025).

Recommendation.

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.

DATED this 11th day of August 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE